IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| FRANK BRETT, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-376-GMS |
| | ) |
| MRS. WATSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Frank Brett ("Brett"), of Philadelphia, Pennsylvania, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

Brett, who resides in Philadelphia, Pennsylvania, alleges that the defendant Mrs. Watson ("Watson"), an attorney for the defendant Evergreen Chinese Food Restaurant ("Evergreen"), discriminated against him by reason of his religion and sex in violation of 42 U.S.C. § 1983. Brett further alleges that Watson, Evergreen, and Evergreen Spa (Evergreen Spa") violated his right to privacy and slandered him in Delaware, Georgia, Florida, and Maryland. Watson is a resident of Pennsylvania, Evergreen is located in Delaware, and Evergreen Spa is located in Pennsylvania. The complaint states that this court has jurisdiction by reasons of diversity of the parties. Brett seeks injunctive relief. (D.I. 2, 7.) He also moves to amend his complaint to add a

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

RICO claim pursuant to 18 U.S.C. § 1968, alleging that he is a victim of clergy abuse that appears to have occurred in Pennsylvania. (D.I. 8.)

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Brett proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6)

2

standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Brett leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Brett has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Brett's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. State Actor

Brett filed this lawsuit pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. It appears that Mrs. Watson is a private attorney who represented a private restaurant, Evergreen. In addition, Evergreen Spa appears to be a private company. Quite simply, these three defendants are not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004).

Therefore, Brett's § 1983 claims against them have no arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. Diversity

The complaint alleges that jurisdiction rests upon diversity of the parties. "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed. *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). Pursuant to § 1332(a), district courts have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states. 28 U.S.C. § 1332(a). A corporation is deemed to be a citizen of any state which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); *see also Carolina Cas. Ins. Co., v. Insurance Co. of N. Am.*, 595 F.2d 128, 130 n.1 (3d Cir. 1979).

Here, the complaint alleges that Brett is a citizen of the State of Pennsylvania, as is Mrs. Watson. The parties are not diverse and, therefore, this court does not have jurisdiction over Brett's claims. Accordingly, the court will dismiss the complaint for want of jurisdiction.

## C. Motion to Amend

Brett moves to amend the complaint to add a RICO claim for acts that allegedly occurred in Pennsylvania. (D.I. 8.) Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

Initially the court notes that the claims raised in the original complaint and its amendment are not cognizable under § 1983 or under a State theory utilizing diversity jurisdiction. (D.I. 2, 7.) The proposed amendment seeks to add a RICO claim for acts that alleged occurred in Pennsylvania. To advance a civil claim under RICO, Brettt must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)). A "pattern of racketeering activity" requires at least two "predicate acts," such as mail or wire fraud. *Id.;* 18 U.S.C. § 1961(1),(5).

The proposed amendment fails to adequately allege a RICO claim. In addition, the District of Delaware does not appear to be the proper venue for the claim as the proposed amendment indicates that the alleged acts occurred in Pennsylvania and Brett resides in Pennsylvania. After reviewing the proposed amendment, the court concludes that amendment is futile. For the above reasons, the court will deny Brett's motion to amend. (D.I. 8.)

## IV. CONCLUSION

For the above reasons, the court will deny as moot Brett's motion to seal and for miscellaneous relief and will deny his motion to amend. (D.I. 4, 8.) The court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2011
Wilmington, Delaware